**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **BRANDON CALLIER**, on behalf of himself and all others similarly situated <br><br> Plaintiff, <br><br> *versus* <br><br> **SENTRY LEGAL PLAN, LLC,** a Texas Limited Liability Company**, ALLEVIATE FINANCIAL SOLUTIONS, LLC,** a California Limited Liability Compan**y, MONEVO, INC.,** a Delaware Corporation**, DEBT CO,** an Unknown Business Entity and **EASYFINANCE**, an Unknown Business Entity. <br><br><br> **Jane/John Doe** <br><br> Defendants. | §§§§§§§§§§§§§§§§§§§§§§ | Civil Action No. 3:25-CV-115 <br><br><br> **DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

1

**INTRODUCTION**

Plaintiff BRANDON CALLIER individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendants SENTRY LEGAL PLAN, LLC, ALLEVIATE FINANCIAL SOLUTIONS, MONEVO, INC, DEBT CO, and EASYFINANCE to stop their illegal practice of placing, through its telemarketers, unsolicited telephone calls in violation of the Telephone Consumer Protection Act ("TCPA") and Texas Business and Commerce Code ("TBCC"). Plaintiffs allege as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigations conducted by their attorney.

**PARTIES**

1. Plaintiff Brandon Callier (hereinafter "Mr. Callier") is an individual residing in or near El Paso County, Texas and was present for all causes of action complained of herein within El Paso, Texas.

2. Mr. Callier may be served any relevant papers via email to his counsel Omar Darwich at omar@darwichlegal.com.

3. Defendant Sentry Legal Plan, LLC ("Sentry") is a limited liability company organized and existing under the laws of Texas and can be served via its registered agent Incorp Services, Inc., 815 Brazos Street, Suite 500, Austin, Texas 78701.

4. Alleviate Financial Solutions, LLC ("Alleviate") is a limited liability company organized and existing under the laws of California and can be served via its registered agent Corporation Service Company dba CSC-Lawyers INCO, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

5. Monevo, Inc, ("Monevo") is corporation organized and existing under the laws of Delaware and can be served via registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6. Debt Co ("Debt Co") is an unknown business entity operating from the web address https://debtco.cc. Debt Co does not list a phone number or address on its website and operates anonymously.

7. EasyFinance is an unknown business entity operating from the web address https://easyfinanceusa.com. EasyFinance ("EasyFinance") does not list a phone number or address on its website and operates anonymously.

8. Sentry, Alleviate, Monevo, Debt Co, and EasyFinance are collectively hereinafter referred to as "Defendants."

## JURISDICTION AND VENUE

9. This action is brought by Mr. Callier and Mr. Fasolino pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

10. This Court has jurisdiction over the subject matter of the claims under the TCPA pursuant to 47 U.S.C. § 227(g)(2). This Court further has jurisdiction over the subject matter of the claims under the TCPA pursuant to 27 U.S.C. § 1331 and has pendant jurisdiction over the subject matter of the claims under the Texas Business and Commerce Code pursuant to 28 U.S.C. § 1367.

11. This Court has general personal jurisdiction over Defendant Sentry because Sentry is a Texas Limited Liability Company.

12. This Court has specific personal jurisdiction over the Defendants Alleviate, Monevo, and Debt Co as they authorized telemarketers to place calls on their behalf to Texas

residents, derive or derived revenue from Texas residents, and sell goods and services to Texas residents, purposefully directed calls to Texas area code phone numbers, and have otherwise availed themselves to the State of Texas.

13. Venue of this suit lies in the Western District of Texas, El Paso Division pursuant to 47 U.S.C. § 227(g)(4) because violations of the TCPA occurred within the Western District of Texas, as more specifically alleged below. Venue further lies in the Western District of Texas, El Paso Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of events giving rise to the claim alleged herein occurred within the Western District of Texas.

### STATEMENT OF FACTS

14. Defendants market and sell debt elimination and debt reduction products and services throughout Texas and the United States.

15. Defendants use telemarketing phone calls containing prerecorded voice messages to promote their services.

16. Mr. Callier is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153(39).

17. Defendant made phone calls containing prerecorded messages to Plaintiff's personal cell phones without Plaintiffs' express written consent.

### FACTS SPECIFIC TO MR. CALLIER

18. Mr. Callier's telephone number 4374 is a residential number.

19. Mr. Callier's telephone number 4374 is used for personal purposes and is not associated with business.

20. Mr. Callier personally registered his phone on the National Do Not Call Registry ("DNC Registry") in January 2021.

21. On March 31, 2023, at 12:21 PM, Mr. Callier received a phone call that displayed 323-622-7146 on Mr. Callier's caller identification. The phone call resulted in a prerecorded message being left as a voicemail on Mr. Callier's telephone. The message stated:

> "This is Marly from Financial Relief. I'm just following back up with your request for getting some financial help. They did get approval. I think you're going to like it. Just be aware this program is on a first come first serve basis. You can just give me a call back at 424-738-6799 to finalize the details. I look forward to speaking with you and have a wonderful day."

22. On March 31, 2023, at 12:22 PM, Plaintiff received a phone call phone number 323-443-7262, that left the same prerecorded voice mail with the same call back number, 424-738-6799, as the phone call from paragraph 23.

23. On March 31, 2023, at 12:22 PM, Plaintiff received another phone call from phone number 323-443-7262, that left the same prerecorded voice mail with the same call back number, 424-738-6799, as the phone call identified above.

24. On April 29, 2023, Mr. Callier had a friend with credit card debt call phone number 424-738-6799 as part of an investigation into the origin of the phone calls.

25. Mr. Callier's friend was sent a contract to enroll in Defendant Alleviate's debt reduction services as a direct result of the phone call placed to phone number 424-738-6799.

26. The contract Mr. Callier received from Defendant Alleviate in paragraph 29 contained a member agreement to enroll in Alleviate's debt services and enroll into a monthly legal membership plan managed by Defendant Sentry. The cost of this plan is $39.99 per month.

27. The contract was sent from Defendant EasyFinance USA's email address ryan@easyfinanceusa.com.

5

28. Alleviate hired and authorized EasyFinance to make telemarketing phone calls and market on its behalf.

29. Sentry hired and authorized EasyFinance to make telemarketing phone calls on its behalf.

30. Mr. Callier maintains a second telephone number 1845.

31. On or about July 22, 2024, Mr. Callier received a phone call that contained a prerecorded voice message. Mr. Callier pressed one and went along with the agent in an attempt to determine who was behind the prerecorded phone call. Mr. Callier was connected to "Lina Anderson" ("Ms. Anderson") who sent Mr. Callier multiple emails from lina.a@debtco.co.

32. On or about July 22, 2024, Ms. Anderson sent Mr. Callier an email that contained a link to apply for a debt consolidation loan through Defendant Monevo.

33. Clicking the link took Plaintiff to https://app.monevo.us/apply/summary?first_name=Brandon&last_name=Callier&email=callier74@gmail.com&address1=6336+franklin+trail+dr&city=El+Paso&state=TX&zip_code=79912&months_at_address=12&monthly_rent=1500&loan_purpose=1&mobile_phone=9154331845&dob=06/16/1974&loan_amount=25000&campaign_code=cF9WaQMGCwdDSH0&annual_income=48000&monthly_income=4000&residence_type=2&pay_frequency=2&income_source=1&months_at_employer=72&employer_name=Arrow+Tax+Services&education_level=4&v1=958295595&v2=8735855&v3=82632&v4=&v5=.

34. Monevo hired and authorized Debt Co to make telephone solicitation phone calls on its behalf.

35. On or about December 2, 2024, Mr. Callier received a phone call to 1845 that displayed 843-867-0320 on Mr. Callier caller identification. Mr. Callier answered the phone, and

6

a prerecorded message began to play. The prerecorded message solicited for debt relief services. Mr. Callier pressed one and was connected to an agent.

36.     Mr. Callier went along with the agent in an attempt to determine who was behind the prerecorded phone call. Mr. Callier was again connected to Ms. Anderson who sent Mr. Callier multiple emails from lina.a@debtco.co.

37.     On or about December 2, 2024, Ms. Anderson sent Plaintiff an email that said "Congratulations! You are Pre-Approved" for a debt settlement program through Defendant Alleviate.

38.     Alleviate hired and authorized Debt Co to make phone calls and market on its behalf.

39.     Mr. Callier's privacy has been violated by the above-described prerecorded telemarketing phone call.

40.     Plaintiff's privacy has been violated by the above-described prerecorded telemarketing calls.

41.     Plaintiff never provided his consent to receive calls or requested to be called.

**DEFENDANTS ALLEVIATE, SENTRY, AND MONEVO ARE VICARIOUSLY LIABLE FOR TCPA VIOLATIONS**

42.     Alleviate, Sentry and Monevo are "vicariously liable" under federal common law principles of agency for TCPA violations committed by third-party telemarketers," such as Debt Co and EasyFinance. *In re Joint Pet. filed by Dish Network, LLC*, 28 F.C.C.R. 6574, 6582 (2013).

43.     Alleviate, Sentry and Monevo market debt reductions, legal plans, and loans through direct telephone solicitation by its hired telemarketers Debt Co and EasyFinance, who

7

act on their behalf. Debt Co and EasyFinance, enroll potential clients for Alleviate, Sentry and Monevo. Alleviate, Senty and Monevo accept those leads with full knowledge the phone calls that contacted the customers violated the TCPA.

44. Debt Co made the phone calls on behalf of Alleviate, Sentry, and Monevo with the actual knowledge and authority of Alleviate, Sentry, and Monevo.

45. EasyFinance made the phone calls on behalf of Alleviate and Sentry with the actual knowledge and authority of Alleviate and Sentry.

46. Alleviate, Sentry and Monevo direct, control, authorize and pay Debt Co and EasyFinance to generate leads for their services through telephone solicitation. Moreover, they require, authorize, or at least permit the telemarketers to solicit explicitly for debt relief, legal memberships, and loan services.

47. Alleviate, Sentry, and Monevo set the criteria for qualifying leads, which Debt Co and EasyFinance must follow. Debt Co and EasyFinance transfer leads qualified on those criteria exclusively to Alleviate, Sentry, and Moneo. Plaintiff is unaware of the qualifying thresholds, but the salient question is how much consumer debt the potential client holds, whether a loan would assist the potential client and whether the potential client would be a good candidate for a legal membership.

48. Alleviate, Sentry and Monevo, wrote or at least approved the call scripts Debt Co and EasyFinance's telemarketers use when qualifying leads for Alleviate, Sentry, and Monevo.

49. Alleviate, Sentry and Monevo maintained interim control over Debt Co and EasyFinance by controlling how, and under what circumstances, they would accept clients from Debt Co and EasyFinance.

50. Alleviate, Sentry, and Monevo's telemarketers are Debt Co and EasyFinance and do nothing to disturb the impression that Debt Co and EasyFinance's telemarketers work for and speak and act on behalf of Alleviate, Sentry, and Monevo.

51. Debt Co and EasyFiance's telemarketers' initial calls through Defendants Alleviate, Sentry, and Monevo's acceptance of a completed representation applications, the telemarketing of Alleviate, Sentry, and Monevo's legal representation constitutes a singular, coordinated marketing effort devised, authorized, directed, and controlled by Alleviate, Sentry, and Monevo, the principals, with Debt Co and EasyFinance acting as Alleviate, Sentry, and Monevo's agents.

52. Debt Co and EasyFinance acting with actual and implied authority, made the prohibited calls, and qualified Plaintiff according to Alleviate, Sentry, and Monevo's criteria

## Class Action Allegations

53. Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully stated herein.

54. Plaintiffs brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

55. Plaintiffs proposes the following Class definitions, subject to amendment as appropriate:

> **Robocall Class**: All persons in the United States who, (1) within four years prior to the commencement of litigation until the class is certified (2) received one or more calls on their cellular telephone or any other protected telephone service (3) from or on behalf of Unit Tax, (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff.
>
> **National Do Not Call Registry Class:** All persons in the United States who: (1) from the last 4 years to present (2) Defendants called more than once in a 12 month period (3) from Defendants and/or any entity making calls on behalf of Defendants (4) whose

telephone numbers were registered on the Federal Do Not Call registry for more than 30 days at the time.

**Texas Business and Commerce Code Sub-Class**: All persons in Texas who, (1) within four years prior to commencement of litigation until the class is certified (2) received one or more solicitation phone calls (2) from or on behalf of Defendants.

56. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

57. Plaintiffs and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their cell phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

58. The Class Action Complaint seeks injunctive relief and money damages.

59. The Classes defined above are identifiable through dialer records, other phone records, and phone number databases.

60. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiffs, but individual joinder is impracticable. On information and belief, Defendants have called hundreds if not thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

61.     **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited prerecorded phone calls.

62.     **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiffs' claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff have no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiffs have retained competent counsel to prosecute the case on behalf of Plaintiffs and the proposed Class. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

63.     **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class members uniformly, and Plaintiffs' challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiffs.

64.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following

65. There are numerous questions of law and fact common to Plaintiffs and to the proposed Classes, including, but not limited to, the following:

    a. Whether a pre-recorded message was used to send calls;

    b. Whether the pre-recorded calls at issue were made to Plaintiffs and members of the Classes without first obtaining prior express written consent to make the call;

    c. Whether Defendants' conduct constitutes violations of the TCPA;

    d. Whether Defendants were registered to telephone solicit Texas residents;

    e. Whether Defendants qualified for an exemption from the telephone solicitation registration requirement; and

    f. Whether members of the Robocall Class are entitled to treble damages based on the willfulness of Defendants' conduct.

66. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

67. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management

difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## LOCAL RULES

68. Plaintiffs, pursuant to local rules, shall move to certify this complaint as a Class Action.

**INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF DEFENDANTS' ACTIONS**

69. Plaintiffs realleges paragraphs one through sixty-nine and incorporates them herein as if set forth here in full.

70. The calls harmed Plaintiffs by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy.

71. The calls harmed Plaintiffs by trespassing upon and interfering with their rights and interests in their cellular telephones.

72. The calls harmed Plaintiffs by intruding upon his seclusion.

**First Cause of Action:**
**Violation of 47 U.S.C. § 227(b)**
**Artificial or Prerecorded Voice**
**(Against All Defendants)**
**(On behalf of Plaintiffs and the Robocall Class)**

73. Plaintiffs realleges paragraphs one through seventy-two and incorporate them herein as if set forth here in full

74. Jane/John Doe placed telephone calls to Plaintiffs' and the Class members' cellular and/or residential telephones without having their prior express written consent to do so.

75. The calls were made for the express purpose of soliciting customers for Defendants Alleviate, Sentry, and Monevo's products and services.

76. When Plaintiff and the Classes answered, the calls played an artificial or prerecorded voice message to their cellular and/or residential phones as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

77. As a result of its unlawful conduct, Defendants repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendants to stop its illegal calling campaign.

78. Defendants' telemarketer and/or their agents made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

79. If the court finds that Defendants willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

**Second Cause of Action:
Violation of the TCPA "Sales Call/DNC" Prohibition 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(C))
(Against All Defendants)
(On behalf of Plaintiff Callier and the National Do Not Call Class)**

80. Plaintiff realleges paragraphs one through seventy-nine and incorporates them herein as if set forth here in full.

81. Defendants called Plaintiff' private residential number which was successfully registered on the National Do Not Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

82. Plaintiff was statutorily damaged at least five (5) times under 47 U.S.C. § 227(c)(3)(F) by Defendant by the telephone calls described above, in the amount of $500.00 per call.

83. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(c)(5) for each and every willful or knowing violation.

84. As a result of the Defendants' violations of 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2), Plaintiff seeks $500.00 in statutory damages, or $1500.00 if trebled, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

85. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency telemarketing calls to cellular telephone numbers without the prior express written consent of the called party.

**Third Cause of Action:**
**Violations of The Texas Business and Commerce Code § 302.101**
**Failure to obtain a Telephone Solicitation Registration Certificate**
**(Against Defendants Sentry, Alleviate, and Monevo)**
**(On behalf of Plaintiffs and the Texas Subclass)**

86. Plaintiffs realleges paragraphs one through eighty-five and incorporates them herein as if set forth here in full.

87. Defendants' made illegal solicitation sales calls to Plaintiffs and the putative classes without having a valid telephone solicitation as required under Tex. Bus. Com. Code 302.101.

88. The actions of the Defendants violated Texas Business and Commerce Code § 302.101 by placing solicitation phone calls through Jane/John Doe to a Texas resident without having a registration certificate and bond on file with the Texas Secretary of State.

89. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such.

90. As a result of the Defendants' violations of Texas Business and Commerce Code § 302.101, Plaintiffs may and does seek damages of up to $5,000.00 for each violation. Texas Business and Commerce Code § 302.302(a).

91. As a result of the Defendants' violations of §302.101, Plaintiffs seeks all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brandon Callier, individually and on behalf of the Classes prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiffs as the Class representatives and appointing their counsel as Class Counsel (after Plaintiffs file their respective motion pursuant to this Court's local rules);

B. An order declaring that the Defendants' actions, as set out above, violate 227(b) of the TCPA;

C. An order declaring that the Defendants' actions, as set out above, violate the TCPA willfully and knowingly;

D. An award of $500.00 per call in statutory damages arising from the TCPA §227(b) for each unintentional violation;

E. An award of $1,500.00 per call in statutory damages arising from the TCPA §227(b) for each intentional violation;

F. An order declaring that the Defendants' actions, as set out above, violate 227(c) of the TCPA;

G. An order declaring that the Defendants' actions, as set out above, violate the TCPA willfully and knowingly;

H. An award of $500.00 per call in statutory damages arising from the TCPA §227(c) for each unintentional violation;

I. An award of $1,500.00 per call in statutory damages arising from the TCPA §227(c) for each intentional violation

J. An award of $5,000.00 per call in statutory damages arising from each violation of the Texas Business and Commerce Code § 302.101;

K. An injunction requiring Defendants to cease sending all unlawful calls;

L. An award of reasonable attorneys' fees and costs; and

M. Such further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiffs request a trial by jury of all claims that can be so tried.

Dated this 7th day of April 2025.

Respectfully Submitted,

The Darwich Law Firm, LLC
 /Omar F. Darwich/ _____
Omar F. Darwich
Tx Bar No. 24124686

6090 Surety Dr., #305
El Paso TX 79905

(915) 671-2221
omar@darwichlegal.com

**ATTORNEY FOR PLAINTIFF**